**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ARINC ENGINEERING SERVICES, LLC | ) | |
| Plaintiff, | ) | |
| - v - | ) | No.: 07-CV-00073 |
| UNITED STATES OF AMERICA | ) | |
| Defendant | ) | |

**PLAINTIFF'S MOTION FOR LIMITED DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to the U.S. Court of Federal Claims Rules of Procedure, ARINC Engineering Services, LLC ("ARINC"), by counsel, respectfully moves for limited discovery in this matter to be included in the administrative record of this case.

ARINC's protest raised three grounds for protest: (1) organizational conflict of interest; (2) defective specification and failure to provide sufficient information to submit a reasonable proposal; and (3) unreasonable technical evaluation. Ground 3 can be demonstrated by the existing record from the GAO protest. Grounds 1 and 2 relate to ARINC's claim that the Army included in the RFP a sample task order that it knew or should have known gave the awardee BAE a substantial advantage by having performed the same or a substantially similar task on another Army contract.

ARINC moves this court for an order allowing additional document production

to supplement the record being transferred from the previous GAO protest as indicated below. In addition, ARINC moves this court for an order allowing the taking of deposition testimony of, at a minimum, the contracting officer and possibly two or three additional individuals, each of whom had substantial personal knowledge of BAE's involvement in an existing task order that was the same or very similar to the sample task order in the RFP.

This Court's review of an agency decision under the Administrative Procedure Act is generally done based upon a written record of contemporaneous documents presented to the decision makers during the process of proposal submission, evaluation, and award decision. *Orion Int'l Techs. v. United States*, 60 Fed. Cl. 338, 342 (2004). However, informal agency decisions such as contract award decisions, will sometimes require supplementation of the written record by deposition testimony to the extent that the testimony presents information that helps to explain an agency's decision (thus allowing a thorough judicial review) or where the testimony provides relevant information that would not be found in a written record, such as evidence of bad faith or information relied upon but omitted from the paper record. *Id.* at 342-343.

At this time, ARINC is not making any allegations of bad faith against the Government or any of its agents. ARINC has alleged that Government officials acted unreasonably, arbitrarily, and/or capriciously by providing the awardee, BAE, with a substantial advantage over ARINC and all other competitors in this

procurement. ARINC has alleged that some procurement officials were aware of this significant advantage and failed to take sufficient steps to mitigate or neutralize it.

In particular, ARINC has alleged that the RFP in this case contained three sample task orders representative of the work anticipated under the COSMIC Contract. Each offeror was required to propose a technical solution and the associated costs for each of the three sample tasks in a manner that would demonstrate its approach and understanding of the task. The RFP mandated an 80 page limit to address all three sample task order responses.

During the Industry Day Conference in April 2006, the prospective offerors were told that the Army did not intend to establish a bidders' library to disseminate technical information to the offerors to be used in the preparation of the sample task solutions, but it assured the attendees that it would "provide all of the information necessary to respond to the [sample] Task Order[s]." **Complaint Exhibit 1.** At that conference, a non-ARINC participant inquired about whether "incumbent Task Orders" had anything to do with the Sample Tasks that were the subject of the Solicitation. The Army's response was "[n]o, the Sample Task Orders are new requirements." Id. As established in the Complaint in this case, ARINC was significantly misled about the advantages that BAE had in this procurement.

The most important of the three RFP task orders related to the on-going Space and Missile Defense Operations Technology Enhancement (SMOTE task), worth more than 50% of the value of the Task Order Plan Area, which itself was one

of the two most important criteria.

In the SMOTE sample task order, the offeror was required to outline a proposed solution and cost to combine two different and independent military systems into a single, integrated system. The first system, called the Space Support Enhancement Toolset (SSET), is a sophisticated communications system, based in a specially outfitted HMMWV ("Humvee"), that can provide space-based information, such as near real-time digital satellite photographs or other imagery and data taken from space or using satellite resources, and send that data for use on the battlefield or other tactical theater of operations. The second system, called the Future Operational Capability – Tactical Operations Center (FOC-TOC) Testbed, is a sophisticated computer combat operations and simulation system, also based in a series of specially-outfitted Humvees.

ARINC and other offerors did not have access to specific FOC-TOC/SSET integration information that the Army knew that BAE and its team members did have. The procurement officials involved with this Solicitation knew all along that BAE was performing FOC-related work, including FOC-TOC/SSET integration, under the Army SETAC contract.

The SMOTE sample task "Performance Objective" is for the Contractor to be technically and tactically proficient on the functioning, purpose, employment, users, software and interface of the SSET and the FOC-TOC initiatives. The second BAE Task Order (Exhibit 4 to the Complaint) provides almost identical language to the earlier

Task Order (Exhibit 3 to the Complaint), but goes on to state that the task is primarily for the operational support of the SMDBL FOC-TOC program and that this includes supporting software and hardware.

BAE itself has made available on its website information that shows clearly that BAE has been working with the Army at Huntsville on the SSET/FOC-TOC integration since April 2005. (Exhibit 7 to ARINC's Complaint). In a list of action items beginning on April 12, 2005, more than a year before the COSMIC RFP, BAE identified one of its items as the "SSE/FOC Integration." This list of action items shows that the SSE and FOC integration was implemented through Ms. Karol Cortright and Mr. John Broussard, each of whom were COSMIC Source Selection Evaluation Board Members. Both Ms. Cortright and Mr. Broussard knew or should have known of the significant advantage that BAE had over all other offerors on this procurement. However, the record is clear that the Army contracting officials denied that the SMOTE sample task order had been worked on any previous incumbent contract which is clearly false.

Not only did BAE have a huge advantage in the most important portion of a critical evaluation criterion, but the Army procurement officials clearly knew it. For example, Tariq "Sam" Alkhafi is the alternate task monitor for BAE's SETAC Task Order 58 and Task Order 61 for technical and operational support for the evolution of FOC-TOC. He is also the current Contracting Officer's Representative, task monitor, and Program Manager (PM) for the COSMIC contract, the procurement

under protest. He is also married to the contracting officer, Ms. Carol Alkhafi.

In addition, Mr. Kirby Brown, the Director of the Space and Missile Defense Battle Lab (the Government customer in this case), and at least two members of the COSMIC Source Selection Evaluation Board, Ms. Karol Cortright and Mr. John Broussard, worked with BAE on a FOC-TOC/SSET integration task beginning in about April 2005, more than a year prior to the release of the COSMIC RFP.

We expect that the administrative record in this case include the entire record previously filed with the GAO in ARINC's previous protest, B-298893. We also ask that the administrative record include all documentation relating to the two BAE task orders that are cited in the Complaint as forming the basis of our organizational conflict of interest allegation, BAE Task Order Requirements Package (T/ORP) #0058, dated April 2005 and BAE Task Order Requirements Package (T/ORP) #0061, dated October 2005. In particular, we request that this Court order the inclusion into the record of all written documents relating to the award and performance of these task orders by BAE, including but not limited to:

1. The actual BAE response (Task Order Plan) to the 2 TORPs (58 and 61).

2. All written deliverables provided to the Government for these 2 Task Orders

3. All Trip Reports, After-Action Reports, technical exchange meeting minutes, other meeting minutes, reports or other documents relating to the baseline architecture, and similar documents.

4. A copy of any and all equipment inventories reflecting equipment sent

from Colorado Springs to Huntsville, as referred to in the BAE Matrix annotations, Complaint Exhibit 7.

5. A copy of the white paper, in support of the National Fire Control Symposium, that was requested by LTC Schwartz, and written by CPT Belton on the SSET/FOC-TOC Integration.

6. All e-mail traffic from or to Karol Cortright, John Broussard, or Kirby Brown relating to BAE's performance of Task Orders 58 or 62 involving or in any way relating to BAE's integration of the SSE/FOC-TOC referred to in Complaint Exhibit 7.

We further request that the protester's counsel be allowed to take three or four depositions of the relevant Government personnel involved with the BAE task orders referenced above, including most likely Ms. Carol Alkhafi, Ms. Karol Cortright and Mr. John Broussard, and Mr. Kirby Brown. We cannot say until we review the documentation if any or all of these individual depositions will be necessary, but we expect this to be the case. We will agree to limit the deposition questions to information relating to the protester's organizational conflict of interest allegation in the Complaint and to documents in the administrative record relevant thereto.

Respectfully submitted,

/s/

William T. Welch
BARTON, BAKER, McMAHON & TOLLE, LLP
1320 Old Chain Bridge Road, Suite 440
McLean, Virginia 22101
(703) 448-1810 (ex. 22) - Telephone
(703) 448-3336 - Facsimile
Attorney of Record
Counsel for ARINC Engineering Services, LLC

Of Counsel:

J. Patrick McMahon
BARTON, BAKER, McMAHON
& TOLLE, LLP
1320 Old Chain Bridge Road, Suite 440
McLean, Virginia 22101
(703) 448-1810 - Telephone
(703) 448-3336 - Facsimile

Dated: January 29, 2007