**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ARINC ENGINEERING SERVICES, LLC.<br>*Plaintiff*<br>*v.*<br>UNITED STATES,<br>*Defendant,*<br>BAE Systems Analytical Solutions, Inc.<br>*Interested Party* | Case No. 07-73C<br>(Judge Allegra) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF AWARDEE'S MOTION TO INTERVENE AS OF RIGHT**

Pursuant to Rule 24(a) of the Rules of the Court of Federal Claims ("RCFC"), BAE Systems Analytical Solutions, Inc. ("BAE Systems") hereby files its Memorandum of Points and Authorities in Support of its Motion to Intervene As of Right in the above-referenced action as a party defendant.

## INTRODUCTION

On September 20, 2006, the US Army Space Command ("Army") notified offerors of the award of two contracts under Solicitation No. W91260-06-R-0005 ("Solicitation" or "RFP"), one to BAE Systems under full and open competition, and one

to a small business, Quantum Research. The purpose of the contracts is to provide system integrator services in support of Concepts and Operations for Space and Missile Defense Integration Capabilities ("COSMIC") for the Army Space and Missile Defense Command/Army Strategic Command Battle Lab ("SMDBL").

ARINC Engineering Services, LLC ("ARINC") filed a protest of the award to BAE Systems on September 29, 2006 in the Government Accountability Office ("GAO"). ARINC alleged that the Army had improperly evaluated its technical and cost proposals and that BAE Systems had an organizational conflict of interest ("OCI"), creating an unfair competitive advantage. Before the Agency submitted its Report, the Army took corrective action and set aside the award to BAE Systems to consider ARINC's OCI argument and the GAO dismissed the protest as academic. In a November 17, 2006 letter, the Contracting Officer informed ARINC that the Army had extensively considered the OCI issue and found that no conflict existed. On November 27, 2006, ARINC filed a new protest at the GAO. It relied on the same allegations from its September protest, but it also included new information. BAE Systems intervened in this protest.

On December 18, 2006, the Army submitted its Agency Report. The Report fully demonstrated that the Army properly considered and reached reasonable decisions on all proposals and BAE Systems' potential OCIs in accordance with the requirements of the RFP and all applicable laws and regulations. Without explanation, ARINC voluntarily withdrew its protest on December 28, 2006, the day comments on the Agency Report were due. Plaintiff refiled its protest in this court on January 30, 2007.

**ARGUMENT**

ARINC seeks to enjoin the Army and BAE Systems from continuing the performance of the contract at issue. Contemporaneous with this memorandum, BAE Systems is filing a timely Motion to Intervene in order to oppose the injunction. According to RCFC 24(a), a party seeking to intervene as of right must satisfy the following requirements: (1) it must claim an interest in the subject matter of the action; (2) it must be situated such that the disposition of the action may impair or impede the applicant's ability to protect its interest in the subject matter at issue; and (3) the applicant's interest must not be adequately protected by the existing parties to the action. *Fifth Third Bank of Western Ohio v. United States*, 52 Fed. Cl. 202, 203 (2002). When an applicant demonstrates that it has met each of these requirements, the court is without discretion to deny the application to intervene, and the movant "shall be permitted to intervene." *Id*. at 203.

BAE Systems satisfies all of the requirements of RCFC 24(a) for intervention as of right. Granting injunctive relief would require BAE Systems to cease performance of the COSMIC contract which it is currently performing. Contract performance was authorized pursuant to an agency override of a CICA stay on September 30, 2006. BAE Systems has a substantial, legally protectable interest in defending its position as the COSMIC contract awardee. Plaintiff's action seeks to "impair or impede" that interest. Because BAE Systems is the only party whose contract award is being challenged, its interests will not be adequately protected by the existing parties to this action. While the United States shares a strong interest in BAE Systems continuing contract performance, only BAE Systems can adequately represent its own interests in this action. For example, only BAE Systems can define the specific harms it will suffer if Plaintiff's request for

preliminary injunctive relief is granted. Thus, this Court should grant BAE Systems' Motion to Intervene.

Dated: January 31, 2007

Respectfully submitted,

s/ Drew Harker

Drew A. Harker
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5022
Fax: (202) 942-5999

*Attorney of Record for BAE Systems Analytical Solutions, Inc.*

*Of Counsel:*

Matthew H. Solomson
Jill R. Newell*
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5000
Fax: (202) 942-5999
*Admitted only in Virginia; practicing law in the District of Columbia pending approval of application for admission to the D.C. Bar and under the supervision of principals of the firm who are members in good standing of the D.C. Bar.