**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| ARINC ENGINEERING SERVICES, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant*,<br><br>BAE Systems Analytical Solutions, Inc.,<br><br>*Defendant-Intervenor* | Case No. 07-73C<br>(Judge Allegra) |

**DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Defendant-intervenor BAE Systems Analytical Solutions, Inc. ("BAE Systems") hereby respectfully opposes plaintiff ARINC Engineering Services, LLC's ("ARINC") motion to supplement the administrative record in this case. Plaintiff's motion should be denied for several reasons. *First*, the administrative record in this case properly consists only of documents that the agency considered. Plaintiff's motion, however, seeks a broad and sweeping array of documents that the agency indisputably did not consider during the procurement. *Second*, although plaintiff alleges the existence of additional documents and information that the agency "should have considered," the only documents that

plaintiff specifically seeks are irrelevant to the instant dispute. Likewise, plaintiff's request for depositions should be rejected.

This Court consistently has acknowledged that a motion for judgment on the administrative record, even in a case where a factual dispute exists, does not "require[] this court to conduct a full blown evidentiary proceeding." *NVT Technologies, Inc. v. United States*, 73 Fed. Cl. 459, 462 (2006) (discussing *Bannum, Inc. v. United States*, 404 F.3d 1346 (Fed. Cir. 2005), RCFC 52.1, and former RCFC 56.1). Indeed, bid protest cases ordinarily are resolved by motions for judgment on the administrative record. *Id*.

The administrative record, however, is not an open-ended repository for all of the documents that one party believes may be relevant. Indeed, "absent exceptional circumstances[,]" this Court "confines itself to the record created in the proceedings below." *Murakami v. United States*, 46 Fed. Cl. 731, 734 (2000); *see also Rust Constructors Inc. v. United States*, 49 Fed. Cl. 490, 496-97 (2001) ("The court is 'generally limited to the administrative record developed by the agency' when reviewing agency decisions." (quoting *Marine Hydraulics Int'l, Inc. v. United States*, 43 Fed. Cl. 664, 670 (1999)). As explained in *Aero Corp.*, "[t]he focal point for judicial review . . . 'should be the administrative record already in existence, not some new record made initially by the reviewing court.'" *Aero Corp., S.A. v. United States*, 38 Fed. Cl. 408, 410-11 (1997) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

Notwithstanding the above, plaintiff seeks documents and depositions – purportedly related to its organizational conflict of interest ("OCI") allegation – that were *not* considered by the agency below and should not now be included as part of the

administrative record. For example, plaintiff argues that the "record should also include any and all written documentation that BAE (or ARINC) produced in response to . . . Government issued task orders" under another contract. Pl. Mot. at 5. Similarly, plaintiff seeks any "documents relating to work performed under these task orders" in addition to "three or four short depositions of the relevant personnel involved with the BAE task orders." *Id.* at 6-7.[1]

According to the Rules Committee Note to new RCFC 52.1, however, "any motion for correction or supplementation of the administrative record should be made on the basis of either the specific law to be applied in the particular case or generally applicable principles of administrative law." Far from discussing either the specific legal or factual issues in this case or "generally applicable principles of administrative law," plaintiff's instant motion merely employs an OCI allegation as a pretense for a burdensome and unwarranted fishing expedition in connection with performance of a different contract not at issue here. In so doing, plaintiff ignores this Court's prior decisions in *Gulf Group, Inc. v. United States*, 56 Fed. Cl. 391 (2003), and *Seattle Security Services, Inc. v. Untied States*, 45 Fed. Cl. 560 (2000).

In *Gulf Group*, this Court held that "in government contracts, even as in politics, there are often some earned benefits of incumbency – ones to which an agency need not turn a blind eye in the award calculus." 56 Fed. Cl. at 398 (quoting *Versar, Inc.*, 94-1 CPD ¶ 230, 1994 WL 120013 (1994), for the proposition that "an offeror's competitive

[1] Plaintiff's deposition request both ignores the CO's OCI Determination and Finding (*see* AR Tab 51) and fails to explain, in any event, the relevance of testimony of BAE Systems' technical monitors on a different contract.

advantage gained through incumbency is generally not an unfair advantage that must be eliminated”).

Similarly, in *Seattle Security Services*, this Court found that an agency acted *unreasonably* in *failing to consider* an offeror’s “performance as the incumbent at the very . . . facilities covered by the new contract.” 45 Fed. Cl. at 567 (noting that “the GAO has concluded that agencies acted unreasonably in failing to consider the past performance of incumbents for similar or identical services covered by a solicitation”). Indeed, this Court acknowledged that “it has been repeatedly held that it is proper for evaluators to use their personal knowledge of an offeror’s performance of a contract with an agency.” *Id.* at 568 (noting that, in *Inlingua Schools of Languages*, 88-1 CPD ¶ 340, the GAO “rejected an agency’s claim that it would give the protestor an unfair advantage if the agency used its own evaluators as references”).

This Court’s above-discussed decisions are consistent with a long line of GAO cases. In *Government Business Services Group*, for example, the protester argued that as a result of performing a related contract, an offeror unfairly had access to information unavailable to other offerors. The GAO rejected that argument:

> A particular offeror may possess unique advantages and capabilities due to its prior experience under a government contract or otherwise and the government is not required to attempt to equalize competition to compensate for it, unless there is evidence of preferential treatment or other improper action. [citations omitted]. Our decisions have long held that this advantage is neither preferential treatment by the agency, nor otherwise an unfair competitive advantage. [citations omitted].

B-287052, 2001 CPD ¶ 58 at 9 (Mar. 27, 2001). In contrast, if plaintiff ARINC’s argument “on this issue [is] accepted, an incumbent who performed outstandingly on an

existing contract or contracts would be . . . severely disadvantaged in winning a new contract for the same services." 45 Fed. Cl. at 569.

In the instant case, the government already has provided, or will provide, all of "'the material that was developed and considered by the agency in making its decision.'" *Id.* (quoting *Aero Corp., S.A. v. United States*, 38 Fed. Cl. 408, 410-11 (1997)). Plaintiff has failed to cite any "exceptional circumstances" that would justify this Court from departing from its ordinary practice. Indeed, nowhere does plaintiff contend that "the omission of extra-record evidence" in this case would "preclude[] effective judicial review." *Murakami*, 46 Fed. Cl. at 735 (discussing *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)). Plaintiff has not met its burden and, accordingly, its motion should be denied.

Dated: February 13, 2007

Respectfully submitted,

/s Drew A. Harker
Drew A. Harker
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5022
Fax: (202) 942-5999

*Attorney of Record for BAE Systems Analytical Solutions, Inc.*

*Of Counsel:*

Matthew Solomson
Jill R. Newell*
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5000
Fax: (202) 942-5999

*Admitted only in Virginia; practicing law in the District of Columbia pending approval of application for admission to the D.C. Bar and under the supervision of principals of the firm who are members in good standing of the D.C. Bar.