IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ARINC ENGINEERING SERVICES, LLC | |
| Plaintiff, | |
| v. | No. 07-073<br>(Judge Allegra) |
| THE UNITED STATES, | PUBLIC VERSION |
| Defendant, and | |
| BAE SYSTEMS ANALYTICAL SOLUTIONS, INC., | |
| Defendant-Intervenor | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to Rule 7.2 of the Rules of this Court, defendant, the United States, respectfully provides this response to the motion filed by ARINC Engineering Services, LLC ("ARINC") seeking discovery and depositions to supplement the administrative record. In response to ARINC's request, we are providing an addendum to the administrative record containing documents that should have been included in the administrative record because they were considered by the agency in making its decision related to ARINC's allegation that there was an organizational conflict of interest ("OCI"), but were inadvertently omitted at the time that the administrative record was filed. However, beyond the documents provided in the addendum to the administrative record, there are no other documents that were considered by the agency in making its decision. Furthermore, ARINC has failed to provide a valid basis for supplementing the record with depositions or with documents that were not considered by the agency in making its decision.

## ARGUMENT

### I. ARINC Has Not Provided A Valid Basis For Supplementing The Record With Documents Not Considered By The Agency Or With Depositions

The Administrative record was filed on February 7, 2007. After filing the record, Government counsel learned that there were certain documents which had been considered by the agency as part of its OCI analysis, but had not been included in the record. These documents, which are being provided on February 13, 2007 as an addendum to the record, should have been included in the administrative record. Murakami v. United States, 46 Fed. Cl. 731, 734 (2000) (Allegra, J.) (stating that the record is to include documents that were considered by the agency in making its decision). Therefore, we request that the Court accept these documents as part of the administrative record.

With the addition of the documents in the addendum to the administrative record, the record now contains all documents that were considered by the agency in making its decision. See App. A (Affidavit of the contracting officer, Carol Alkhafi). Beyond these documents, ARINC has not provided any basis for supplementing the administrative record with depositions or additional documents. ARINC fails to demonstrate that its broad requests for discovery fit within one of the narrow exceptions for supplementing the record. Furthermore, ARINC seeks irrelevant documents based upon a mistaken view of OCI provisions in the Federal Acquisition Regulation ("FAR").

#### A. Supplementation Of The Record Is Available Only In Limited Circumstances Not Present Here

Review in bid-protests such as this case are generally confined to the administrative record. Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 342-43. Furthermore, this

Court has made it clear that supplementation of the administrative record is available only in limited exceptions to the general rule. Murakami, 46 Fed. Cl. at 735. Supplementation may be possible in one of the following situations:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989); Murakami, 46 Fed. Cl. at 735 (quoting Esch).

However, the Esch exceptions to the general rule against supplementation of the record are only triggered where "the omission of extra-record evidence precludes effective judicial review." Murakami, 46 Fed. Cl. at 735. Furthermore, these exceptions must be narrowly construed to avoid the Court's review converting into de novo review. Id.

ARINC seeks to supplement the record based upon two of the Esch exceptions. Pl. Mot. at 2. ARINC contends that the record should be supplemented based upon the third exception, "when an agency considered evidence which it failed to include in the record." Esch, 876 F.2d at 991; Murakami, 46 Fed. Cl. at 735. As indicated above, we acknowledge that the agency inadvertently failed to provide all of the documents that were considered by Ms. Alkhafi in making her OCI determination. After ARINC filed its February 9, 2007 motion to supplement the record, we attempted to reconfirm, for purposes of this response, that all documents

considered by the agency had been included in the record on February 7, 2007. It appears that, perhaps based upon some miscommunication, all such documents had not been included. We apologize to the Court for any inconvenience caused by our failure to include these documents when the record was filed on February 7, 2007.

Therefore, we are submitting these documents and do not oppose their inclusion in the record. In fact, as suggested by the Court in Murakami, these documents are probably best viewed, not as extra-record evidence, but evidence that is properly a part of the administrative record. Murakami, 46 Fed. Cl. at 735, n.4. Beyond the documents already in the record and those submitted today as an addendum to the record, any remaining documents sought by ARINC were not considered by Ms. Alkhafi in making the OCI determination and hence do not fall within the third Esch exception. See App. A (affidavit of Ms. Alkhafi).

ARINC also contends that supplementation of the record and depositions are appropriate based upon the second Esch exception, "when the agency failed to consider factors which are relevant to its final decision." Esch, 876 F.2d at 991; Murakami, 46 Fed. Cl. at 735. ARINC's invocation of the second Esch exception is misplaced for at least two reasons. First, ARINC misstates this exception, transforming it into an exception that would apply when "the agency failed to consider evidence that was relevant to its final decision." Pl. Mot. at 2 (emphasis added); see also Pl. Mot. at 3 ("[T]he record should include all relevant documents . . . that should have been considered . . . ."). Although the wording chosen by ARINC is only slightly different than the actual words used by the court in Esch and this Court in adopting Esch, the slight change in wording is the difference between administrative record review and de novo review.

Under administrative record review, the Court considers those documents that were considered by the agency in making its decision. Murakami, 46 Fed. Cl. at 734. ARINC, however, unsatisfied with this type of review, would prefer that the Court review all documents that are relevant, or at least ARINC thinks are relevant, to the issues considered by the agency, regardless of whether they were considered by the agency in making its decision. In other words, ARINC asks this Court to perform de novo review, in contravention of well-established law. See, e.g., Murakami, 46 Fed. Cl. at 734 (citing Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).[1]

Moreover, the second Esch exception requires a showing that the agency failed to consider a factor which was relevant to its decision. Esch, 876 F.2d at 991; Murakami, 46 Fed. Cl. at 735 (quoting Esch). ARINC does not identify any factor that the agency failed to consider in making its OCI determination. Therefore, ARINC has not demonstrated any basis for supplementing the record pursuant to the second Esch exception.

Even if ARINC could fit its request to supplement the record within one of the Esch exceptions, supplementation of the record would still be inappropriate. As demonstrated above, the Esch exceptions are only triggered where "the omission of extra-record evidence precludes effective judicial review." Murakami, 46 Fed. Cl. at 735. ARINC fails to demonstrate that effective judicial review based upon the record is precluded without the requested supplementation. To the contrary, as we will demonstrate below, supplementation of the

[1] ARINC cites Myers Investigative & Security Services, Inc. v. United States, 47 Fed. Cl. 288 (2002), for the proposition that supplementation of the record has been permitted when the agency failed to consider evidence that was relevant to its final decision. Pl. Mot. at 2. The Court in Myers did not permit supplementation on this basis, and did not describe the second Esch exception in the manner suggested by ARINC.

administrative record with the documents requested by ARINC would only serve as a distraction because the documents it seeks are irrelevant to whether there was an OCI.

**B. ARINC Seeks Irrelevant Documents Based Upon A Misinterpretation Of The Law Regarding OCI**

ARINC's request to supplement the record is further misplaced because ARINC is seeking documents which cannot establish an OCI. ARINC seeks to supplement the record with documents relating to the scope of the work performed by BAE on task orders on the Scientific Engineering Technical Assistance Contract ("SETAC") and Space Technology Applications and Requirements Support ("STARS") contract, rather than the contract in this case, the Concepts and Operations for Space and Missile Defense Integration Capabilities ("COSMIC") contract. ARINC does not explain in its motion to supplement why these documents are relevant to any of its claims.

However, from ARINC's complaint and its prior motion to supplement, it appears that ARINC seeks this information to establish the degree to which BAE performed work on the STARS and SETAC contracts which was similar to the SMOTE task order on the COSMIC contract. E.g., Pl. Mot. to Supp. Jan. 31, 2007, at 1. Essentially, ARINC would like to supplement the record to prove that BAE had an unfair advantage as an incumbent, which ARINC believes constitutes an OCI. However, contrary to ARINC's view of the law of an OCI, any advantage that BAE had as the incumbent based upon the similarity of work performed under other contracts does not constitute an OCI. Hence, the documents that ARINC seeks are not only extra-record materials, they are also irrelevant.

The contracting officer demonstrated in her determination and finding that BAE did not possess a significant advantage over the other bidders. AR Tab 51, 5514-19. In any event, even

if BAE had some advantage over other bidders, this does not provide any basis for challenging the agency's decision to award the COSMIC contract to BAE. It is well established that an offeror's competitive advantage gained through incumbency is generally an insufficient basis for challenging an award to that offeror. E.g., Gulf Group, Inc. v. United States, 41 Fed.Cl. 391, 398 & n.13 (2003) (Allegra, J.); Systems Plus, Inc. v. United States, 69 Fed. Cl. 757, 771 (2006). The Government may take into account the experience of the incumbent in performing the prior contract, and the procuring agency is generally not required to eliminate or equalize the incumbent's advantage. See Gulf Group, 41 Fed.Cl. at 398 & n. 13; Computer Sciences Corp. v. United States, 51 Fed. Cl. 297, 311 (2002). To the contrary, this Court has found agency awards to be arbitrary and capricious when the Government did not taken into account an incumbent advantage. Seattle Security Servs., Inc. v. United States, 45 Fed. Cl. 560, 567 (2006) (Allegra, J.). "The short of it is that in government contracts, even as in politics, there are often some earned benefits of incumbency – ones to which an agency need not turn a blind eye in the award calculus." Gulf Group, 41 Fed.Cl. at 398.

Furthermore, incumbent advantage takes a variety of forms that need not be mitigated or eliminated by the procuring agency. For example, the Government Accountability Office ("GAO") has held that there is no obligation to equalize an incumbent contractor's competitive advantages arising from: (1) acquired technical expertise and firsthand knowledge of performing the contract requirements, Government Scrap Sales, Comp. Gen. B-295585, 2005 CPD ¶ 60, at 5; Snell Enterprises, Inc., Comp. Gen. B-290113, 2002 CPD ¶ 115, at 8; (2) extensive knowledge of the project, Versar, Inc., Comp. Gen. B-254464, 94-1 CPD ¶ 230; Technology Concepts & Design, Inc., Comp. Gen. B-241727, 91-1 CPD ¶ 132; (3) knowledge of the costs of

performance, Optimum Technology, Inc., Comp. Gen. B-266339.2, 96-1 CPD ¶ 188, at 7; (4) ownership of software which other bidders would be required to produce or purchase at their own expense, Halifax Engineering, Inc., Comp. Gen. B-219178, 85-2CPD ¶ 559; (5) knowledge of problems encountered during performance of prior contracts, Dayron, Comp. Gen. B-26875, 96-1 CPD ¶ 10; and (6) database information unavailable to other bidders, Information Ventures, Inc., Comp. Gen. B-240925, 91-1 CPD ¶ 39 (stating that the Government need not equalize an incumbent's advantage "unless there is evidence of preferential treatment or other improper action").

Although ARINC attempts to cast its incumbent advantage claim in terms of an alleged OCI, ARINC cannot establish an OCI based upon the similarities between prior work performed by BAE and the work to be performed under the new contract. When a protest is based on an OCI claim, the protester "must establish a violation of statutory or regulatory provisions relating to conflict of interest." Systems Plus, Inc. v. United States, 69 Fed. Cl. 757, 770 (2006). The FAR identifies very specific circumstances in which an OCI may exist. For example, the FAR provides specific rules to prevent OCIs with respect to the following situations: (1) "[p]roviding systems engineering and technical direction," 48 C.F.R. § 9.505-1; (2) contracts in which a contractor prepares the specifications or statement of work for another contract, 48 C.F.R. § 9.505-2; (3) contracts in which a contractor is to evaluate the work of other contractors, 48 C.F.R. § 9.505-3; and (4) "[w]hen a contractor requires proprietary information from others to perform a Government contract and can use the leverage of the contract to obtain it," 48 C.F.R. § 9.505-4(a). ARINC does not allege a violation of any of these FAR OCI provisions.

In addition, FAR 9.505 provides two additional circumstances in which an OCI may arise:

> (b) Preventing unfair competitive advantage. In addition to the other situations described in this subpart, an unfair competitive advantage exists where a contractor competing for award for any Federal contract possesses--
>
> (1) Proprietary information that was obtained from a Government official without proper authorization; or
>
> (2) Source selection information (as defined in 2.101) that is relevant to the contract but is not available to all competitors, and such information would assist that contractor in obtaining the contract.

48 C.F.R. § 9.505.

ARINC does not allege that BAE obtained proprietary information from the Government without authorization, or that BAE possessed source selection information that was unavailable to other bidders. Therefore, ARINC cannot demonstrate an OCI based upon these FAR provisions.

To the extent that ARINC relies upon the catch-all provision in FAR § 9.505 stating that OCIs "may arise in situations not expressly covered by this section 9.505 or in the examples in 9.508," Pl. Mot. for PI, Jan. 29, 2007 at 13 (citing Johnson Controls World Services, Inc., B-286714.2, 2001 CPD ¶ 20), ARINC's reliance upon this provision is misplaced. The drafters of the OCI provisions in the FAR were obviously aware that incumbents often possess an advantage based upon the similarity of work performed as incumbents; yet, they did not make any advantage arising from this similarity, or even a high degree of similarity, a possible basis for an OCI.

Furthermore, consistent with the specific FAR provisions, all of the cases that have addressed unequal access to information OCIs have held that the protestor must demonstrate, at a minimum, that another bidder possessed non-public information which gave it an unfair advantage. Filtration Dev. Co., LLC v. United States, 60 Fed.Cl. 371, 380 (2004); Systems Plus, 69 Fed. Cl. at 770-71 (finding no OCI: "[The protestor] has failed to point to evidence that would show that [the incumbent] was 'embedded' within the agency such that [the incumbent] had the kind of specific non-public information that would create an OCI."). In addition, there must be "hard facts" to establish that an awardee had access to relevant, nonpublic information. See Filtration Dev., 60 Fed.Cl. at 380; Aetna Health Plans, 1995 WL 449806, at *12 & n.15. ARINC fails to explain how any of the documents with which it seeks to supplement the administrative record relate to non-public information in BAE's possession.

Furthermore, even assuming another offeror possessed non-public information, the FAR and case law interpreting the FAR generally address situations in which the non-public information was given to it by the Government or by another party. See, e.g., 48 C.F.R. § 9.505(b)(1) (proprietary information provided by the Government without authorization); 48 C.F.R. § 9.505-4(a) (proprietary information provided by another party); Systems Plus, 69 Fed. Cl. at 770-71 (addressing allegations that the protestor was not given the same access to Government employees or information as the incumbent); Johnson Controls World Services, Inc., Comp. Gen. B-286714.2, 2001 CPD ¶ 20 (finding an OCI based upon a non-public Government database that was available to the incumbent but not other offerors). These cases do not address non-public information that a contractor developed in performing a contract, such as the contractor's knowledge and experience related to how best to perform the tasks under the

contract, the contractor's costs of producing items, etc. To hold otherwise would turn every case with a contractor who has performed similar work into a potential OCI case because those contractor's will often possess knowledge about performing the prior contract that may assist in performing the new contract. Moreover, as demonstrated above, this Court and the GAO have repeatedly held that the procuring agency need not attempt to equalize this advantage; rather, the Government may, and sometimes must, take into account this advantage in making its award.

Lastly, even if ARINC were correct as to the law regarding OCI, ARINC is incorrect as to the facts. Much of ARINC's motion to supplement the record is based upon an allegation that BAE performed tasks pursuant to the SETAC contract (a different contract than the contract in this case) related to the integration of the Space Support Element Tool-set (SSET) with the Future Operational Capability – Tactical Operations Center ("FOC-TOC") system. Pl. Mot. at 6-7. ARINC bases this allegation upon a printout from a BAE website, attached to ARINC's complaint as exhibit 7. However, this document and documents in the administrative record (as supplemented) indicate only that it was anticipated that there would be integration of SSET and FOC-TOC as part of a SETAC task order awarded to BAE. There is nothing in the record that indicates that this work was actually performed. Furthermore, as the affidavit attached as appendix B demonstrates, the potential SSET integration work with FOC-TOC was never performed as part of a SETAC task order because the Government elected not to fund this work as part of the SETAC task order. App. B. Therefore, ARINC's request to supplement the administrative record with respect to the potential integration of SSET and FOC-TOC as part of a SETAC task order is misguided because such work was never performed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

/s/ Franklin E. White, Jr., by Bryant G. Snee
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Michael J. Dierberg
MICHAEL J. DIERBERG
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St. NW
Washington, DC 20530
Telephone: (202) 353-0536
Facsimile: (202) 305-7643

Attorneys for Defendant

Of Counsel:

LTC FRANK A. MARCH
Department of the Army
Contract Appeals Division, Team I
Attn: JALS-KFLD
901 North Stuart Street, Suite 500
Arlington, VA 22203-1837

February 14, 2007